[Cite as *State v. Valenzuela-Pena*, 2019-Ohio-1701.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

MADISON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO. CA2018-07-023 |
| Appellee, | : | O P I N I O N<br>5/6/2019 |
| | : | |
| - vs - | : | |
| | : | |
| ELIENAY VALENZUELA-PENA, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM MADISON COUNTY COURT OF COMMON PLEAS
Case No. CRI 20170109

Stephen J. Pronai, Madison County Prosecuting Attorney, Rachel M. Price, 59 North Main Street, London, Ohio 43140, for appellee

Koenig & Owen, LLC, Charles A. Koenig, 534 North High Street, Columbus, Ohio 43214, for appellant

**M. POWELL, J.**

{¶ 1} Appellant, Elienay Valenzuela-Pena, appeals a decision of the Madison County Court of Common Pleas denying her motion to suppress.

{¶ 2} On July 23, 2017, Sergeant Joe Cox was dispatched to a bed and breakfast ("B&B") in London, Ohio regarding a dispute involving two men. Upon arriving, Sergeant Cox found appellant, her boyfriend Tu Van Tran, and an unidentified male on the front porch

of the B&B.  Appellant and Van Tran were guests at the B&B.  Appellant told Sergeant Cox she was from San Francisco, California but produced a Mexican passport indicating she was a Mexican citizen.  Van Tran told the sergeant he was from Bradenton, Florida.  The two further told Sergeant Cox that they had taken an Uber from Columbus, Ohio and came to London to visit historical sites.

{¶ 3}  Sergeant Cox then spoke with the owner of the B&B to ascertain what had happened during the dispute and whether the situation would be alleviated by removing the unidentified male.  During that conversation, the owner indicated that appellant and Van Tran were staying at the B&B for a couple of days and that they planned to depart the following morning as soon as they received a package delivery from FedEx.  The owner further informed the sergeant that the couple had previously received a package delivery from FedEx during their stay.  Sergeant Cox subsequently took the unidentified male home.  No one was arrested that evening and no citation was issued.

{¶ 4}  Based upon the information provided by the couple and the owner of the B&B, Sergeant Cox became suspicious of the contents of the package to be delivered and of the couple's real purpose for being in London.  Consequently, he decided to further investigate.  Sergeant Cox was on duty the following morning when he observed a FedEx truck.  The sergeant approached the driver and inquired as to whether the driver had any package to be delivered to the B&B.  The driver confirmed he had a package to be delivered to the B&B.  The package was addressed to "Julie Tran" and bore a return address from a California carpet company.  Sergeant Cox followed the FedEx truck to its next stop, the London office of the Bureau of Criminal Investigation ("BCI"), and arranged for then Ohio State Highway Patrol Trooper Gerald March and his canine unit to meet him there.

{¶ 5}  Upon arrival on the BCI parking lot, the package addressed to Julie Tran was removed from the FedEx truck and placed on the ground.  Trooper March then proceeded

to conduct a free-air sniff of the package with his canine unit. The dog alerted to the presence of drugs inside the package. The record indicates that the drug sniff was conducted between 30 minutes to one hour after Trooper March was dispatched. Subsequently, the FedEx driver delivered the package to the B&B while under the surveillance of Sergeant Cox. Appellant and Van Tran were on the front porch of the B&B with their luggage. Appellant accepted and signed for the delivery of the package. She and Van Tran were then taken into custody and transported to the London Police Department. A search warrant was obtained for the package. The search of the package yielded approximately 11 pounds of marijuana.

{¶ 6} Appellant was indicted in September 2017 on one count of marijuana possession. Appellant moved to suppress the evidence, arguing that (1) Sergeant Cox lacked reasonable suspicion or probable cause to question appellant, (2) Sergeant Cox lacked reasonable suspicion or probable cause to seize and detain the package, (3) Trooper March and his canine unit were not adequately trained and certified, and (4) appellant's statements during her police interview were inadmissible as the product of an illegal arrest. A hearing on the motion was conducted in April 2018. Prior to the hearing, appellant's counsel withdrew the fourth branch of the suppression motion. Following the suppression hearing, the trial court overruled the first and third branches of the suppression motion from the bench, and took under advisement the issue of whether there was reasonable suspicion or probable cause to detain the package and subject it to a canine drug sniff.

{¶ 7} By entry filed on May 2, 2018, the trial court overruled the last branch of the motion to suppress, finding that the detention of the package and the subsequent canine drug sniff did not violate appellant's Fourth Amendment rights. The trial court found that given the couple's respective out-of-state residencies, the couple's brief stay in London,

Ohio allegedly to sightsee historical sites, and the fact they had previously received a package and intended to leave the B&B the following morning upon receiving a second package, Sergeant Cox "had reasonable articulable suspicion to believe the package contained evidence of contraband or illegal activity." The trial court further observed that "[t]he detention of the package which ensued to allow further investigation was no more than one hour in length. Indeed, the package was delivered the same day it was scheduled to be delivered." Appellant subsequently pled no contest to one count of marijuana possession. The trial court accepted her plea and sentenced her to 12 months in prison.

{¶ 8} Appellant now appeals, raising one assignment of error:

{¶ 9} WHETHER THE WARRANTLESS POLICE SEIZURE OF APPELLANT'S PACKAGE CONSTITUTED AN UNREASONABLE DETENTION OF HER PROPERTY, IN VIOLATION OF APPELLANT'S RIGHTS UNDER THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 14, OF THE OHIO CONSTITUTION.

{¶ 10} Appellant argues the trial court erred in denying her motion to suppress. Specifically, appellant asserts that the removal of the package from the FedEx truck and its subsequent detention for purposes of a canine drug sniff constituted an unreasonable seizure in violation of the Fourth Amendment to the United States Constitution because Sergeant Cox lacked reasonable suspicion that appellant or Van Tran were engaged in any criminal activity or that the package contained drugs.

{¶ 11} Appellate review of a ruling on a motion to suppress presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. When considering a motion to suppress, the trial court, as the trier of fact, is in the best position to weigh the evidence to resolve factual questions and evaluate witness credibility. *State v. Nelson*, 12th Dist. Clermont No. CA2017-08-042, 2018-Ohio-2819, ¶ 17. Thus, we

are bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. *Id.* "An appellate court, however, independently reviews the trial court's legal conclusions based on those facts and determines, without deference to the trial court's decision, whether as a matter of law, the facts satisfy the appropriate legal standard." *State v. Cochran*, 12th Dist. Preble No. CA2006-10-023, 2007-Ohio-3353, ¶ 12.

{¶ 12} "The Fourth Amendment to the United States Constitution and Article I, Section 14, of the Ohio Constitution prohibit the police from conducting unreasonable and warrantless searches and seizures." *State v. White*, 9th Dist. Lorain No. 11CA010005, 2011-Ohio-6748, ¶ 6. Sealed packages are entitled to Fourth Amendment protection against warrantless searches and seizures. *United States v. Van Leeuwen*, 397 U.S. 249, 251, 90 S.Ct. 1029 (1979); *United States v. Givens*, 733 F.2d 339, 341 (4th Cir.1984).

{¶ 13} "[W]hen an officer's observations lead him reasonably to believe that a traveler is carrying luggage that contains narcotics, * * * the officer [may] detain the luggage briefly to investigate the circumstances that aroused his suspicion, provided that the investigative detention is properly limited in scope." *United States v. Place*, 462 U.S. 696, 706, 103 S.Ct. 2637 (1983). Likewise, a package in the mail can be detained for a reasonable period of time for limited investigative purposes and subjected to a sniff by a drug-detection dog if there is a reasonable and articulable suspicion that the package contains illegal drugs. *See United States v. Floyd*, 247 F.Supp.2d 889, 894 (S.D.Ohio 2002); *United States v. Caldwell*, 6th Cir. No. 99-5465, 2000 U.S. App. LEXIS 22711 (Aug. 30, 2000).

{¶ 14} Initially, we find that the detention of the package was not a seizure under the meaning of the Fourth Amendment. "A 'seizure' of property occurs when there is some meaningful interference with an individual's possessory interest in that property." *United States v. Jacobsen*, 466 U.S. 109, 113, 104 S.Ct. 1652 (1984). As the United States

Supreme Court noted, the seizure of one's personal effects may be made from the immediate custody and control of the owner or, as here, after the owner has relinquished control of the property to a third party. *Place* at 705. "Unlike the dispossession of hand baggage in a passenger's custody, which constitutes a substantial intrusion, the mere detention of mail not in his custody or control amounts to at most a minimal or technical interference with his person or effects, resulting in no personal deprivation at all." *United States v. Place*, 660 F.2d 44, 52-53 (2d Cir.1981).

{¶ 15} Here, the temporary removal of the package from the FedEx truck, for purposes of subjecting the package to a canine drug sniff, did not create a meaningful interference with appellant's possessory interest in the package. Thus, for purposes of Fourth Amendment analysis, a "seizure" of the package did not occur. *Caldwell*, 2000 U.S. App. LEXIS 22711 at *12. Rather, the package was simply detained. *See Van Leeuwen*, 397 U.S. at 252.

{¶ 16} We find that Sergeant Cox had articulable, reasonable suspicion that the package to be delivered contained drugs or evidence of a crime, thus justifying its brief detention for limited investigative purposes. *Id.* Appellant, a resident from California, and Van Tran, a resident from Florida, came to London, Ohio allegedly to sightsee its historical sites. During their brief two-day stay at the B&B, the couple had already received one package from FedEx and were planning on leaving the B&B the following day as soon as they received another package from FedEx. That package bore a return address from a carpet company in California and was addressed to "Julie Tran," a fictitious name.

{¶ 17} Nonetheless, appellant argues that the foregoing facts were insufficient to arouse reasonable suspicion because each separate fact is consistent with an innocent circumstance, such as sightseeing or meeting "for a brief fling at a bed-and-breakfast." However, as the United States Supreme Court stated, in certain circumstances wholly

lawful conduct may justify an officer's suspicion that criminal activity is afoot. *United States v. Sokolow*, 490 U.S. 1, 9, 109 S.Ct. 1581 (1989). Taken together, seemingly innocent facts might be sufficient to establish a reasonable suspicion of criminal activity warranting further investigation. *Id.* at 10; *State v. Alexander*, 151 Ohio App.3d 590, 2003-Ohio-760, ¶ 17 (8th Dist.). Moreover, "circumstances which appear innocent to the outside observer may suggest criminal activity to experienced law enforcement personnel and, in determining whether reasonable suspicion exists, law enforcement authorities may evaluate these circumstances in light of their experience." *State v. Paul*, 2d Dist. Montgomery No. 17662, 2000 Ohio App. LEXIS 318, *8 (Feb. 4, 2000). Here, the confluence of all the facts surrounding the delivery of a second package to an out-of-state couple during their brief stay at a B&B provided reasonable suspicion that the package may contain contraband and justified the noninvasive investigatory detention of the package.

{¶ 18} We therefore find that the totality of the circumstances gave Sergeant Cox an articulable, reasonable suspicion of criminal activity and justified the interception of the delivery of the package and its removal from the FedEx truck. We further find that the detention of the package was properly limited in scope and duration.

{¶ 19} "Rather than adopt a per se time limitation for seizures based upon less than probable cause, the [United States] Supreme Court has consistently 'emphasized the need to consider the law enforcement purposes to be served by the stop as well as the time reasonably needed to effectuate those purposes.'" *Alexander*, 2003-Ohio-760 at ¶ 30, quoting *United States v. Sharpe*, 470 U.S. 675, 685, 105 S.Ct. 1568 (1985), and citing *Place*, 462 U.S. 2637. The record indicates it took between 30 and 60 minutes for Trooper March and his canine unit to arrive at the BCI parking lot. The canine drug sniff then took less than 60 seconds before the dog alerted. "[A] positive dog alert is the end point for determining the length of a seizure of luggage." *Alexander* at ¶ 31. We find that the

detention of the package pending further investigation and the canine drug sniff was not so lengthy as to violate the Fourth Amendment to the United States Constitution.

{¶ 20} During its brief detention, the package was subjected to a canine drug sniff. Both Ohio courts and the United States Supreme Court have determined that "the exterior sniff by a trained narcotics dog to detect the odor of drugs is not a search within the meaning of the Fourth Amendment to the United States Constitution." *State v. Blatchford*, 12th Dist. Preble No. CA2015-12-023, 2016-Ohio-8456, ¶ 28; *Place*, 462 U.S. at 707; *Caldwell*, 2000 U.S. App. LEXIS 22711.

{¶ 21} In light of the foregoing, we find that the removal of the package from the FedEx truck and its subsequent detention for purposes of a canine drug sniff did not constitute an unreasonable seizure or search in violation of the Fourth Amendment to the United States Constitution. The trial court, therefore, did not err in denying appellant's motion to suppress.

{¶ 22} As a final matter, we acknowledge appellant's initial argument that she has standing to challenge the seizure and detention of the package because she had an expectation of privacy in it even though it was addressed to "Julie Tran." To claim the protection of the Fourth Amendment, a defendant bears the burden of proving not only that the seizure, detention, and search of a package were illegal, but also that he had a legitimate expectation of privacy in the contents of the package. *See Rawlings v. Kentucky*, 448 U.S. 98, 100 S.Ct. 2556 (1980). At the end of the suppression hearing, the trial court asked the parties to submit written briefs on the issue and the parties complied. Although the trial court noted there was "some question as to whether [appellant] had any reasonable expectation of privacy in the package" in its entry denying appellant's motion to suppress, the court did not rule on the issue. Because we have found that the detention of the package and the subsequent canine drug sniff did not violate the Fourth Amendment, we need not

address the issue of standing. Even if appellant does not have standing, the outcome is the same. *See State v. Rigel*, 2d Dist. Clark No. 2016-CA-90, 2017-Ohio-7640; *State v. Crouse*, 5th Dist. Licking No. 16 CA 37, 2017-Ohio-1097; *Caldwell*, 2000 U.S. App. LEXIS 22711.

{¶ 23} Appellant's assignment of error is overruled.

{¶ 24} Judgment affirmed.

HENDRICKSON, P.J., and S. POWELL, J., concur.